UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rebekah E. Norgren,

    Plaintiff,

v.                                      Case No. 14-12417
                                         Honorable Sean F. Cox
                                         Magistrate Judge Anthony P. Patti

Commissioner of
Social Security,

    Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's determination that she is not entitled to disability insurance and supplemental security income benefits for her physical and mental impairments. (Doc. #1).

Some time thereafter, Plaintiff and Defendant filed cross-motions for summary judgment. (Doc. #11 and Doc. #13). All proceedings in this case were referred to Magistrate Judge Anthony P. Patti ("Magistrate Judge Patti") pursuant to 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). (Doc. #2, Doc. #12).

On July 30, 2015, Magistrate Judge Patti issued a Report and Recommendation ("R&R") wherein he recommended that the Court DENY Plaintiff's Motion for Summary Judgment, GRANT Defendant's Motion for Summary Judgment, and AFFIRM the Commissioner's decision. (R&R, Doc. # 15). Plaintiff filed a timely objection to the July 30, 2015 R&R on August 13, 2015. (Pl. Objs., Doc. #16).

1

Pursuant to Fed. R. Civ. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*.

Having considered Plaintiff's objection to the R&R, the Court finds the objection to be without merit. The Court shall therefore adopt the R&R, deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment.

## BACKGROUND

Plaintiff's Motion for Summary Judgment sought to have this Court reverse the Administrative Law Judge's (ALJ) conclusion that Plaintiff is not disabled because she could perform non-skilled light work with several limitations. Plaintiff argued to the Magistrate Judge, *inter alia*, that the ALJ erred by failing to give controlling weight to the opinion of Plaintiff's treating surgeon, Dr. Frederick Junn ("Dr. Junn") as to Plaintiff's functional limitations. (Pl. Mo. at 11).

In November 2012, Dr. Junn completed a "Medical Examination Report" as to Plaintiff. (Tr. 761–62). In that report, Dr. Junn was asked to state whether Plaintiff could use her extremities for repetitive action. (Tr. 762). Dr. Junn stated that Plaintiff could not use her left or right hands and arms for "simple grasping" or "fine manipulating." (Tr. 762). Dr. Junn was also asked to state whether Plaintiff could meet her needs in the home, to which Dr. Junn responded, "Yes." (Tr. 762).

The ALJ discussed Dr. Junn's report in his order. The ALJ stated that "[w]eight is given to" Dr. Junn's opinion that Plaintiff can meet her needs in the home. The ALJ stated that Dr. Junn's opinion as to Plaintiff's ability to meet her domestic responsibilities is "consistent with the residual

2

functional capacity and Claimant's testimony. The opinion that Claimant can meet her needs in her home is consistent with Claimant's statements that she is able to prepare simple meals, do light housekeeping, and care for her children." (Tr. 17).

The ALJ further stated, in other portions of his opinion, that "none of [Plaintiff's] treating sources have opined that her pain prevents her from working," that Plaintiff's treatment has been "limited to mostly physical therapy and over-the-counter NSAIDs, with Norco only for severe pain," and that Plaintiff's post-surgical images "show only mild abnormalities." (Tr. 18).

The ALJ also found Plaintiff's testimony regarding her physical and mental limitations to be less than credible. Plaintiff testified before the ALJ at the hearing. Plaintiff stated that she "typically spends most of her day in bed and has to lie down because her head feels 'heavy' on her neck." The ALJ somewhat discredited this testimony, noting that Plaintiff also stated that she served as the "sole care provider for her infant daughter," which is a "physically and mentally demanding role." (Tr. 18).

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform unskilled light work, except that she can only "occasionally handle with her right upper extremity," among several other limitations. (Tr. 14). The Vocational Expert ("VE") testified that, with these limitations, Plaintiff could perform the job of inspector or sorter. (Tr. 19). Plaintiff challenges this conclusion because, as she claims is shown by Dr. Junn's report, she cannot use her upper extremities for grasping or manipulating due to numbness, tingling weakness, and a tendency to drop things. (Pl. Objs., Doc. #16 at 3).

Magistrate Judge Patti recommends that the Court conclude that the ALJ provided good reasons for rejecting certain functional limitations assessed by Dr. Junn. Regarding Dr. Junn's

opinion that Plaintiff cannot use her left or right hands and arms for repetitive "simple grasping" and "fine manipulating," Magistrate Judge Patti states:

> The ALJ acknowledged Dr. Junn's November 1, 2012 assessment. Dr. Junn had noted that Plaintiff could not use either upper extremity for simple grasping or fine manipulating, but could use both hands and arms for reaching, pushing and pulling. The ALJ observed that Dr. Junn's treatment records did not reflect any problems with Plaintiff's left upper extremity. The resulting RFC contains the limitation that Plaintiff "can only occasionally handle with her upper right extremity[,]" which seems to accredit Dr. Junn's assessment.

(R&R, Doc. #15 at 19).

Plaintiff objects to this portion of the R&R. Plaintiff states that the ALJ ignored Dr. Junn's limitations regarding use of her hands and arms without further discussion. Plaintiff argues that the Magistrate Judge's recommendation "ignores the difference between handling and manipulation, just as did the ALJ's analysis, and therefore simply perpetuates the ALJ's error in failing to either impose this limitations from the treating physician or provide good reasons for not doing so."

## ANALYSIS

Under the applicable regulations, an ALJ must give good reasons for not giving weight to a treating physician's opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). "An ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record." *Id.* "If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors—namely the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the

4

opinion." *Id.* An ALJ must give specific reasons for the weight given to a treating source's opinion. *Id.*

Having considered Plaintiff's objection to the R&R, and having reviewed the R&R, the ALJ's opinion, and the relevant portions of the administrative record, the Court concludes that the ALJ gave good reasons for not giving controlling weight to Dr. Junn's report. As the ALJ noted, Dr. Junn's opinion as to Plaintiff's ability to use her arm and hands was not entirely corroborated by other substantial evidence in the record. Despite Plaintiff's claims of disabling neck, back and arm pain, Plaintiff's post-surgical images showed only mild physical abnormalities. (Tr. 18). Plaintiff had several gaps in treatment for her pain, and was treating it conservatively with mostly over-the-counter pain medication and physical therapy. There were no clinical notes showing that Plaintiff and her treating physicians discussed future surgery. There were no treatment notes indicating that Plaintiff had any issues using her left arm or hand, yet Dr. Junn indicated that Plaintiff could not use either of her hands or arms for repetitive grasping or manipulating. It appears from the record that Plaintiff only saw Dr. Junn two or three times before he completed his November 2012 report. Additionally, the ALJ found Plaintiff's testimony regarding her pain and limitations to be less than credible—a conclusion that Plaintiff has not challenged. (Tr. 18).

Furthermore, the ALJ's RFC determination is not entirely inconsistent with Dr. Junn's recommendation. The ALJ's restrictions accommodate Plaintiff's claimed difficulties using her right arm by limiting her use of it to "occasional." This comports with Plaintiff's testimony that she can take care of her infant daughter, cook simple meals, and complete other domestic chores. The Court agrees with the Magistrate Judge that the ALJ's opinion appears to credit Dr. Junn's report and the opinions contained therein, if not giving them controlling weight. Thus, any error in the

ALJ's analysis is harmless. *See Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011) (noting that a violation of the "good reasons" rule can be harmless if the Commissioner makes findings consistent with the treating physician's opinion). Accordingly, the Court shall OVERRULE Plaintiff's Objection to the July 30, 2015 R&R.

## ORDER

For the reasons set forth above IT IS ORDERED that the Court ACCEPTS AND ADOPTS the July 30, 2015 R&R. IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and this case shall be DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 25, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 25, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager